IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-28-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GARY LEE WOOD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On March 18, 2013, pursuant to plea agreement [D.E. 21], Gary Lee Wood, Jr., ("Wood") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846 ("count one"). See [D.E. 1, 21]. On December 9, 2013, the court held Wood's sentencing hearing. See [D.E. 37]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See id.; [D.E. 34, 37]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Wood's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188–235 months. See [D.E. 39]. The court then granted the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [D.E. 36]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wood to 60 months' imprisonment on count one. See [D.E. 37, 39].

On November 10, 2014, Wood filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 41]. On December 15, 2014, Wood filed (through counsel) another motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 43]. Wood's new advisory guideline range is 151–181 months'

imprisonment, based on a total offense level of 29 and a criminal history category of VI. See Resentencing Report. Wood requests a 48-month sentence. See id.; [D.E. 43].

The court has discretion to reduce Wood's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Wood's sentence, the court finds that Wood engaged in serious criminal behavior from approximately 2007 until approximately October 2012. See PSR [D.E. 34] ¶¶ 11–13. Wood was accountable for conspiring to distribute 4.5 kilograms of cocaine and 1.3 kilograms of crack cocaine. See id. ¶ 13. Furthermore, Wood has a deplorable criminal history. Wood's criminal history includes a conviction for resisting a public officer, reckless driving to endanger, speeding to elude arrest, assault on a female, driving while impaired, trafficking in cocaine by transportation, possession with intent to sell and deliver cocaine, attempting to traffic in cocaine, and conspiracy to aid and abet escape. See id. ¶¶ 17–26. Wood also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 26, 44–52. Nonetheless, Wood has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 41] 3–4.

Having reviewed the entire record and all relevant policy statements, the court finds that Wood received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that further reducing Wood's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Wood's serious criminal conduct and serious criminal history do not support further reducing

2

Wood's sentence. Thus, the court denies Wood's motions for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Wood's motions for reduction of sentence [D.E. 41, 43].

SO ORDERED. This 27 day of September 2016.

*JAMES C. DEVER III*
Chief United States District Judge

3

Case 2:12-cr-00028-D Document 47 Filed 09/27/16 Page 3 of 3